334 P.2d 567

**Cleo N. SMITH, Plaintiff,**

v.

**Esther MORRIS, Defendant.**

**DISTRICT COURT OF SALT LAKE COUNTY, State of Utah, Plaintiff and Respondent,**

v.

**George B. HANDY, Defendant and Appellant.**

**No. 8947.**

Supreme Court of Utah.

Jan. 23, 1959.

4. In re Warren's Estate, 138 Or. 283, 4 P.2d 635, 79 A.L.R. 389; and see In re Bragg's Estate, 106 Mont. 132, 76 P.2d 57.

George B. Handy, Ogden, for appellant.

E. R. Callister, Atty. Gen., Raymond W. Gee, Asst. Atty. Gen., for respondent.

WORTHEN, Justice.

Appeal by defendant George B. Handy from a judgment rendered by one of the judges of the District Court of Salt Lake County, State of Utah.

George B. Handy is a member of the bar of this state. In November, 1957, he filed an action on behalf of Cleo N. Smith, the above named plaintiff, against defendant Esther Morris. Pre-trial hearing was had on March 20, 1958, and the case was set for jury trial on April 29, 1958.

On April 29, 1958, the day set for trial, neither plaintiff, nor her attorney George B. Handy appeared. On motion of counsel for defendant the trial judge caused judgment by default to be entered and dismissed the action of plaintiff Cleo N. Smith.

On the 25th day of April, a jury of 16 qualified jurors was drawn to try the case.

Upon the failure of George B. Handy to appear and without any excuse or notice to the court, the trial judge upon his own motion "ordered that George B. Handy pay the costs incurred by the court of Salt Lake for the procuring of said jury, which costs amounted to the sum of $128.00 the order of the court being that the said George B. Handy pay said costs in the sum of $128.00 within ten days."

Formal judgment was on the 22nd day of July, 1958, entered as follows: "Now, Therefore, It is hereby Ordered, Adjudged and Decreed that a judgment in the sum of

"$128.00 be, and the same is, hereby entered against the named George B. Handy."

Defendant attacks the judgment and asserts that the same is void and of no effect. With defendant we are obliged to agree.

The judgment was entered out of the presence of defendant. Neither summons nor complaint was served or filed. There was no action pending in which such judgment could be entered.

 It is basic in our jurisprudence that a valid judgment may not be entered against a person without the commencement of an action as required by service of summons or filing a complaint. It is our boast that every man is entitled to be advised of any claim and that he be afforded an opportunity to defend against the same.

 Neither can the judgment be upheld as a punishment for contempt. No citation requiring defendant to show cause why he should not be punished for contempt ever issued.

Judgment reversed. No costs awarded.

WADE, HENRIOD and McDONOUGH, JJ., concur.

CROCKETT, Chief Justice (concurring specially).

The judgment entered was obviously intended as a summary punishment for a contempt committed in the presence of the court, or as sometimes stated, "in the face of the court." If an attorney, an officer of the court, should wilfully absent himself from a proceeding where he knew his duty required him to be, that might well be determined to be such a contempt. My views with respect thereto are well expressed by Justice Schauer in the case of Lyons v. Superior Court, 43 Cal.2d 755, 278 P.2d 681, so I will not extend them here.

I agree, however, that the attorney should be notified in some manner and allowed an opportunity to offer any excuse or explanation he may have, because mere absence would not necessarily constitute a contempt.